UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

EAGLE PRIVATE EQUITY, LLC,       )
           )
       Plaintiff,        )
           )
       vs.         )      Case No. 4:12-CV-701 (CEJ)
           )
LOWER BRULE COMMUNITY       )
DEVELOPMENT ENTERPRISE, LLC,    )
et al.,          )
           )
       Defendants.      )

## MEMORANDUM AND ORDER

On April 20, 2012, plaintiff Eagle Private Equity, LLC, filed this against defendants Lower Brule Community Development Enterprise, LLC ("Brule Community"), LBC Western Holdings, LLC ("Western Holdings"), and Gavin Clarkson, the president and chief executive officer of Brule Community and an officer of Western Holdings.  Plaintiff brings this breach of contract and fraud action, invoking 28 U.S.C. § 1332(a) as the basis for jurisdiction.  In its complaint, plaintiff states that it is a limited liability company with its principal place of business in Minnesota.  With respect to the defendants, plaintiff alleges that Brule Community is a limited liability company with its principal place of business in South Dakota, Western Holdings is a limited liability company with its principal place of business in New York, and Gavin Clarkson is a resident of Texas.

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332(a).  For the purposes of diversity jurisdiction, limited liability companies are citizens of every state in which any member is a citizen.

See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004).  "If members are themselves entities or associations, the citizenship must be traced through however many layers of members there may be, and failure to do so can result in dismissal for want of jurisdiction."  Ramey v. Cantrell Mach. Co., Inc., 2007 WL 2582197, at *1 (W.D. La. Sept. 6, 2007).  In this case, plaintiff has failed to identify the citizenship of each member of the three limited liability companies.  In addition, plaintiff's allegation regarding defendant Clarkson's place of residence is inadequate to establish his citizenship.  Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987) (complaint stating party's place of residence did not establish diversity of citizenship). Thus, plaintiff has failed to allege facts sufficient to establish the basis for this Court's subject matter jurisdiction.

In addition, the complaint is silent with respect to whether venue is appropriate in this district.  Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1)  a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2)  a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
>
> (3)  if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Based on its review of the complaint, the Court cannot see any basis for concluding that venue is appropriate in this district.  Rather than dismissing the complaint, however, the Court will provide  plaintiff with the an opportunity to amend the complaint to include facts necessary to establish jurisdiction and venue.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall have until **May 21, 2012**, to file an amended complaint alleging facts sufficient to establish subject matter jurisdiction and venue.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 25th day of April, 2012.